**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**DECEMBER 1997 SESSION**



**FILED**

December 30, 1997

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9701-CC-00033 |
| Appellee, | ) |
| | ) Montgomery County |
| V. | ) |
| | ) Honorable John H. Gasaway, III, Judge |
| | ) |
| **CARLA SMITH,** | ) (Assault & Driving on a Revoked License) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Michael R. Jones
District Public Defender

Collier W. Goodlett, Jr.
Assistant Public Defender
109 S. Second Street
Clarksville, TN 37040

`

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Daryl J. Brand
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Carney, Jr.
District Attorney General

Steven L. Garrett
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Carla Smith, pled guilty to assault and driving on a revoked license.  She received an effective sentence of eleven months and twenty-nine days probation.  A probation violation warrant issued alleging that the appellant failed to report, did not fulfill educational requirements, and did not pay various fees and fines.  The hearing court found the allegations and the warrant to be valid and revoked the appellant's probation.  She appeals to this Court.  We affirm the court's disposition.

The appellant is no neophyte to the system.  She has previously been on post-trial diversion and probation prior to this revocation.  The court found sufficient evidence to sustain the allegations made in the revocation warrant.  We agree with the hearing court's findings.

Appointed counsel for the appellant cites Anders v. California, 386 U.S. 738 (1976); and we duly note his position.  Counsel also moves in his brief to be allowed to withdraw.  We respectfully deny the request for withdrawal at this time.  Counsel may resubmit the motion pursuant to Tenn. Sup. Ct. R. 14 at the appropriate time.

This Court finds that the evidence does not preponderate against the findings of the trial court.  Furthermore, there is no error of law which would mandate a reversal.  The trial judge did not abuse his discretion in revoking probation.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  Hence, we affirm the judgment of the trial court revoking probation pursuant to Tenn. Ct. of Crim. App. Rule 20.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
WILLIAM M. BARKER, Judge